IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER BOJANOWER, <br><br> Defendant. | AMENDED MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE <br><br> Case No. 1:15-cr-00098-JNP <br><br> District Judge Jill N. Parrish |

Before the court is Christopher Bojanower's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Docket 34]. The motion is DENIED.

A district court may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission's policy statement on this issue lists four categories of extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. 1. In addition to satisfying one of these conditions, the court must

determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Bojanower seeks a reduction of his sentence based upon a medical condition. There are two ways that a defendant can qualify for a medical condition reduction. First, the defendant can show that he or she "is suffering from a terminal illness." U.S.S.G. § 1B1.13, cmt. 1. Second, an extraordinary and compelling reason exists if the defendant "is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

In his motion, Bojanower asserts that he became ill with the COVID-19 virus and subsequently recovered. He is not currently ill, but he fears that he is not immune to the disease and that he may contract it again due to the cramped conditions in the prison where he is incarcerated. Bojanower has several conditions that he contends would make the disease more deadly if he contracts it again. He argues that the risk of reinfection combined with the presence of several comorbidity factors constitutes an extraordinary and compelling reason to reduce his sentence and grant him an immediate release.

But the risk of reinfection with the COVID-19 virus does not satisfy the requirements articulated by the Sentencing Commission. Bojanower is not currently "suffering from a terminal illness." *Id.* Nor is he presently "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.* The language of the policy statement requires an existing serious medical condition from which the defendant is not

2

expected to recover. The danger of contracting a serious disease in the future does not satisfy the conditions adopted by the Sentencing Commission. Accordingly, the reduced sentence requested by Bojanower is not "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Additionally, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that a reduction of Bojanower's sentence is not warranted. In particular, "the nature and circumstances of the offense and the history and characteristics of the defendant" do not permit a reduction of Bojanower's sentence. *See id.* Bojanower recorded and distributed several explicit videos of a minor. There is evidence that he also sexually abused a minor. He has not enrolled in sex offender treatment as it is not provided in the facility where he is incarcerated. His psycho-sexual evaluation concluded that he presented a "MODERATE-HIGH RISK for future sexual misconduct." Given Bojanower's crimes and his characteristics, it is not appropriate to reduce the 90-month sentence imposed by the court.

DATED September 3, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge